NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATCH OF LAND LENDING, LLC, | CIVIL ACTION NO. 16-9188 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| RR BALDWIN NWK, LLC, and RUBEN RODRIGUEZ, | |
| Defendants. | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1. This is a foreclosure action. Currently pending before the Court is the motion by the plaintiff lender, Patch of Land Lending, LLC (hereinafter, "the Lender"), for summary judgment against the defendants, RR Baldwin NWK, LLC (hereinafter, "RRBN") and Ruben Rodriguez. (ECF No. 54 through ECF No. 54-5.)

2. In support of the motion for summary judgment, the Lender filed a Statement of Material Facts pursuant to this Court's Local Civil Rule 56.1 (hereinafter, "the 56.1 Statement"). (ECF No. 54-3 at 1–11 (citing the District of New Jersey's Local Civil Rule 56.1).) RRBN and Rodriguez failed to file a response to the Lender's 56.1 Statement.

3. RRBN and Rodriguez did file a short opposition brief in response to the motion for summary judgment that contains perhaps one-and-a-half pages of substantive argument. (ECF No. 55 at 2–4.) However, that opposition brief is not supported by either a declaration or exhibits.

4. The Court resolves the motion for summary judgment upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the motion is granted.

5. It is not necessary for the Court to restate the standard for resolving a motion for summary judgment made pursuant to Rule 56, because that standard has been already enunciated. *See* Fed. R. Civ. P. 56(a) (providing for an award of summary judgment if there is no genuine dispute of material fact and the movant is entitled to judgment as matter of law); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (setting forth the standard); *United States ex rel. Kosenke v. Carlisle HMA, Inc.*, 554 F.3d 88, 94 (3d Cir. 2009) (setting forth the standard).

6. Furthermore, as noted above, RRBN and Rodriguez failed to file a response to the Lender's 56.1 Statement. Even though the Court must view the facts in the light most favorable to RRBN and Rodriguez in their position as nonmovants, the assertions set forth by the Lender in the 56.1 Statement are deemed to be admitted. *See Liberty Bell Bank v. Rogers*, 726 F. App'x 147, 150–51 (3d Cir. 2018) (holding that because the nonmoving defendant borrower neglected to file a responsive statement in opposition to

the statement of material facts that was filed by the plaintiff lender in support of its motion for summary judgment, the District Court was entitled to deem the lender's statement of facts as admitted under Local Civil Rule 56.1); *see also Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613–14 (3d Cir. 2018) (holding as to the equivalent local rule from the Middle District of Pennsylvania that when a nonmovant fails to respond to the movant's statement of material facts, those facts in the movant's statement are deemed to be admitted).

7.  RRBN took out a loan (hereinafter, "the Loan") in the amount of $185,000 from the Lender by executing a commercial promissory note (hereinafter, "the Note") on July 28, 2015 (hereinafter, "the Note"). (ECF No. 1 at 7–8; *see also* ECF No. 1-1 (the Note).) Ruben Rodriguez, who is the sole member of RRBN, simultaneously executed a personal guaranty (hereinafter, "the Guaranty") for the repayment of the Loan. (ECF No. 1 at 8; *see also* ECF No. 1-2 (the Guaranty).)

8.  Under the terms of the Note: (a) the annual interest rate on the Loan as to the unpaid principal balance was 13%; (b) RRBN was to make monthly interest payments from September 2015 through July 2016; (c) RRBN was to make a balloon payment of $185,000 and all outstanding interest by July 2016; (d) a charge would be imposed for late payments; and (e) if RRBN were to default on the Loan, then the unpaid balance would bear an annual interest rate of the maximum amount allowable under law, and RRBN would additionally be liable to the Lender for all costs and attorneys' fees related

to the Lender's efforts to enforce the terms of the Note. (ECF No. 1 at 12–13; *see also* ECF No. 1-1.)

9. To further secure the Loan, RRBN simultaneously executed with the Note a commercial mortgage agreement, assignment of leases and rents, fixture filing, and security agreement (collectively hereinafter, "the Mortgage") with the Lender concerning a parcel of real property (hereinafter, "the Property") located at 19 Baldwin Avenue and 21 Baldwin Avenue (also known as 19–21 Baldwin Avenue), Newark, New Jersey 07112, which is designated as Block 2653, Lot 15 by Essex County, New Jersey. (ECF No. 1 at 8–9; *see also* ECF No. 1-3 at 3–18 through ECF No. 1-4 at 2–20 (the Mortgage).) In August 2015, the Lender recorded the Mortgage with Essex County. (ECF No. 1-3 at 2 (the recording information sheet for the Mortgage).)

10. As additional security for the Loan, RRBN executed a security agreement on July 28, 2015 (hereinafter, "the Security Agreement"), which gave the Lender an unqualified right to possess and dispose of RRBN's personal property that was related to the Property. (ECF No. 1 at 9–11; *see also* ECF No. 1-5 at 2–6 (the Security Agreement).) The Lender filed UCC Financing Statements concerning the Security Agreement with the State of New Jersey on July 29, 2015, and with Essex County on August 20, 2015. (ECF No. 1 at 11; *see also* ECF No. 1-5 at 7–19 (the aforementioned Financing Statements).)

11. The Lender indeed transferred the amount of the Loan to RRBN. (ECF No.

1 at 12.)

**12.** RRBN ceased making payments for the Loan in October 2015, and failed to make the balloon payment in July 2016. (ECF No. 1 at 13–14.)

**13.** On October 27, 2016, the Lender notified RRBN and Rodriguez in writing that RRBN was in default, and provided both RRBN and Rodriguez with a cure period of 10 days. (*Id.* at 14, 16; *see also* ECF No. 1-6 (the default notice sent by the Lender to RRBN and Rodriguez).) RRBN and Rodriguez failed to cure the default or to make any further payments. (ECF No. 1 at 14.)

**14.** RRBN and Rodriguez now owe the Lender: (a) the amount of $257,986.79 as of April 21, 2017, which includes the principal balance, accrued and unpaid interest, late charges, and other unpaid charges and fees; (b) $123.85 per day to be imposed as of April 22, 2017 until the date of full repayment; and (c) default interest and additional fees. (ECF No. 54-2 at 8–9; *see also* ECF No. 1 at 14.)

**15.** The Lender thereafter instituted this action. (ECF No. 1.) In the complaint, the Lender asserted four counts: (a) breach of the Note against RRBN; (b) breach of the Guaranty against Rodriguez; (c) foreclosure of the Mortgage against RRBN and Rodriguez; and (d) foreclosure of the Security Agreement against RRBN and Rodriguez. (ECF No. 1 at 12–24.)

**16.** The Lender now seeks summary judgment in its favor on all four counts. (ECF No. 54.) The Court concludes that the Lender has made a prima facie showing of

entitlement to judgment as a matter of law by submitting the evidence described above, all of which illustrates that: (a) the Loan was made; (b) the related documents were properly executed and recorded; (c) RRBN and Rodriguez are in default, even after the Lender provided them with an opportunity to cure the default; and (d) the Lender has a contractual right to foreclose on the Property. *See Bank of Am., N.A. v. Westheimer*, No. 12-7080, 2014 WL 809207, at *10 (D.N.J. Feb. 28, 2014) (holding the same), *aff'd*, 683 F. App'x 145 (3d Cir. 2017); *see also Green Tree Servicing, LLC v. Cargille*, No. 15-938, 2018 WL 1542495, at *3 (D.N.J. Mar. 28, 2018) (holding that the only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to foreclose in the event of a default).

**17.** In the opposition brief, RRBN and Rodriguez do not challenge the validity of the Note, the Guaranty, the Mortgage, or the Security Agreement, and they do not dispute that they are in default. The only argument raised by RRBN and Rodriguez is that the parties "cannot agree on a crucial fact of this matter, the amount due." (ECF No. 55 at 3.)

**18.** But this argument has been made by RRBN and Rodriguez without: (a) the support of any declarations drafted by those with knowledge of the Note and the related documents; or (b) even a suggestion from RRBN and Rodriguez as to the amount that they believe is owed to the Lender at this juncture or any related calculations. This merely conjectural and speculative argument does not raise a genuine issue of fact, and is

insufficient to rebut the Lender's prima facie showing of entitlement to judgment as a matter of law. *See Wilmington Sav. Fund Soc'y v. Harvin*, No. 15-7853, 2016 WL 6023025, at *2 (D.N.J. Oct. 14, 2016) (granting the plaintiff lender's motion for summary judgment when the defendant defaulting borrower "only contest[ed] the accuracy of the amounts [the Lender] claim[ed] that he owe[d]," without submitting further documentation in support thereof); *see also LPP Mortg., Ltd. v. Ferris*, No. 11-094, 2014 WL 2459802, at *6 (D.V.I. June 2, 2014) (granting the plaintiff lender's motion for summary judgment, as the defendant defaulting borrower's merely speculative "belief" that he did not owe what the lender sought to recover was not a substitute for evidence showing a material question of fact as to the amount owed); *see also Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016) (holding that the nonmoving party may not rest on speculation and conjecture in opposition to a motion for summary judgment).

19. Even when viewing the facts in the light most favorable to the nonmovants, *i.e.*, RRBN and Rodriguez, it is apparent to the Court that the Lender is entitled to an award of summary judgment in its favor. Therefore, the motion for summary judgment is granted. The Court will enter an appropriate order.

Date: February 11th, 2019

JOSE L. LINARES
Chief Judge, United States District Court